UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK LEE CARDELLO SMITH,

        Petitioner,

v.                                      Case No. 25-cv-11802
                                      HON. MARK A. GOLDSMITH

DALE BONN,

        Respondent.

_____/

### ORDER TRANSFERRING SUCCESSIVE HABEAS PETITION
### TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

Petitioner Derrick Lee Cardello Smith has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Michigan Department of Corrections' records indicate that Petitioner was convicted of two counts of third-degree criminal conduct in the Wayne County Circuit Court in 1998, six counts of first-degree criminal sexual conduct and two counts of kidnapping in the Wayne County Circuit Court in 2008, and four counts of first-degree criminal sexual conduct in the Wayne County Circuit Court in 2019.  See Petitioner's Offender Profile, Michigan Department of Corrections' Offender Tracking Information System (OTIS), https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=267009.  In his pleadings, Petitioner seems to challenge his 1998 third-degree criminal sexual conduct convictions.  Petitioner alleges that Sean Combs sexually assaulted him and paid people to cover it up and that Wayne County officials conspired to frame him for those crimes and even attempted to murder him (Dkt 1).

Petitioner, however, has already filed a habeas petition in federal court challenging his 1998 convictions, which was deemed untimely and dismissed with prejudice.  See Smith v. White, 06-cv-306 (W.D. Mich. Aug. 28, 2007) (adopting report and recommendation dismissing petition as

untimely).  The United States Court of Appeals for the Sixth Circuit has since denied him permission to file a second habeas petition.  In re Smith, No. 13-2477 (6th Cir. June 6, 2014).

Additionally, Petitioner has filed a prior habeas petition challenging his 2008 convictions, which was denied on the merits.  See Smith v. Bauman, 10-cv-11052, 2016 WL 898541 (E.D. Mich. Mar. 9, 2016).  The Sixth Circuit has since denied him permission to file a successive habeas petition four times.  See In re Smith, No. 24-1796 (6th Cir. Feb. 6, 2025); In re Smith, No. 23-1375 (6th Cir. Aug. 17, 2023); In re Smith, No. 19-1719 (6th Cir. Nov. 7, 2019), In re Smith, No. 16-2259 (6th Cir. Aug. 25, 2017).

Petitioner has also filed a prior habeas petition challenging his 2019 convictions, which was denied on the merits.  See Smith v. Burt, No. 19-cv-759, 2020 WL 1910025 (W.D. Mich. Apr. 20, 2020).  The Sixth Circuit has since denied him permission to file a second habeas petition.  In re Smith, No. 21-2971 (6th Cir. Mar. 2, 2022).

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), codified at 28 U.S.C. § 2241 et seq., an individual seeking to file a "second or successive" habeas petition must ask the appropriate court of appeals for an order directing the district court to consider the petition.  See 28 U.S.C. § 2244(b)(3)(A); Stewart v. Martinez-Villareal, 523 U.S. 637, 641 (1998).  This requirement transfers to the court of appeals a screening function which the district court previously performed.  Felker v. Turpin, 518 U.S. 651, 664 (1996).

As discussed, Petitioner has previously filed a federal habeas petition challenging the 1998 convictions at issue in the instant petition, as well as his 2008 and 2019 convictions, all of which have been denied and dismissed with prejudice.  Petitioner has not obtained appellate authorization to file a successive habeas petition as required by 28 U.S.C. § 2244(b)(3)(A).

Accordingly, the Court orders the Clerk of the Court to transfer this successive habeas petition to the Sixth Circuit pursuant to 28 U.S.C. § 1631 (authorizing transfer of cases) and Sims v. Terbush,

111 F.3d 45, 47 (6th Cir. 1997) ("when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief . . . is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631").

**SO ORDERED.**

Dated: April 15, 2026                                       s/Mark A. Goldsmith
Detroit, Michigan                                           MARK A. GOLDSMITH
                                                            United States District Judge